IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
JUN 23 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVAN

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 20-129 |
| TAYLAR FRIERSON | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Brian M. Czarnecki, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Commit Offenses Against the United States<br><br>In and around May 2019 to on or about July 2, 2019 | 18 U.S.C. § 371 |

### II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two (2) or more persons agreed to commit offenses against the United

States, as charged in the Indictment;

    2.    That TAYLAR FRIERSON was a party to or member of that agreement;

    3.    That TAYLAR FRIERSON joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that TAYLAR FRIERSON and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

    4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### III. PENALTIES

**As to Count 1, Conspiracy to Commit Offenses Against the United States (18 U.S.C. § 371):**

    1.    Imprisonment of not more than five (5) years (18 U.S.C. § 371);

    2.    A fine not more than the greater of;

        (a)    $250,000 (18 U.S.C. § 3571(b)(3));

        <u>or</u>

        (b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Brian M. Czarnecki*
BRIAN M. CZARNECKI
Assistant U.S. Attorney
DC ID No. 1047275